UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTIN LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 20-2272-MMM |
| | ) |
| SHELLEY HARDING, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW**

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to her serious medical needs and violations of her privacy rights at the Vermilion County Jail ("Jail"). Plaintiff names Vermilion County Sheriff Pat Hartshorn, the Vermilion County Sheriff's Department, Sgt. Kelsey Ward and Nurses Shelley Harding and Marcie Miller. The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

**MATERIAL FACTS**

On April 1, 2020, Plaintiff was arrested and confined at the Jail, a place where she had been held on prior occasions. Plaintiff indicates that she had a history of seizures and was taking

medication for this as well as for unspecified "mental health" issues. Plaintiff asserts that on April 3, 2020, her father bought her medications to the jail so that they might be dispensed to her. Plaintiff made numerous requests to Defendant Nurses Harding and Miller, asking for the medications. The Nurses allegedly told her that she did not need these medications, now that she had been diagnosed with bipolar disorder, ADHD, anxiety, depression, and borderline personality disorder.

On an unidentified date, Plaintiff attempted to kill herself. She was afterwards placed in a padded cell in which the sink was broken. Plaintiff complains that she was not given a mat or clothes, and slept two days on concrete and metal. She also asserts that she had been placed in a padded cell multiple times during a prior jail term in 2018. On one of these occasions, Officer Harris, not named as a Defendant, shoved her, pulled her hair, and held her against the wall. Plaintiff also alleges that Defendant Ward began fighting with her while she was in the cell, causing her to have a seizure. It is unclear from the pleading, however, whether these actions by Defendant Ward were alleged to have occurred in 2018 or 2020.

Plaintiff makes vague claims that correctional officers and sergeants talk to her as though she were a dog and treat her like crap. While she asks that the jail nurses be ordered to stop disclosing her medical information to the correctional officers, she has not pled any occasion on which this has happened. Plaintiff alleges without detail, that on September 21, 2020, Defendant Sgt. Ward admittedly listened in on her attorney's visit and cut the visit short.

## ANALYSIS

Here, Plaintiff has clearly misjoined unrelated claims against unrelated Defendants. "[U]nrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendants suits like this one, but also to

ensure that prisoners pay all fees required under the Prison Litigation Reform Act…" *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) citing 28 U.S.C. § 1915(b), (g). A plaintiff may join several defendants in one suit only if all claims arise out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

In addition to misjoinder , the allegations of the complaint are unduly vague. Plaintiff asserts claims which occurred over a span of two or more years not indicating the dates on which the events occurred. Plaintiff claims, for instance, that Defendant Harding allegedly fought her in the padded cell, not identifying whether this occurred in 2018 or 2020. Plaintiff claims violations of her right to privacy but does not plead any incidents where this happened. Plaintiff complains of being placed in a padded cell with a broken sink and no bedding, but does not indicate whom she holds responsible for placing her there. Plaintiff names Sheriff Hartshorn but pleads no allegations against him.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).

In addition, Plaintiff is required, under Fed. R. Civ. P. 8(a), to plead facts sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on

notice of the plaintiff's claim. *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 283 F.3d 867, 872 (7th Cir.2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). Plaintiff's complaint fails to provide this notice.

Plaintiff's complaint is DISMISSED though she will be given an opportunity to file an amended complaint. Plaintiff is placed on notice that if she wishes to proceed in the various unrelated claims against the Defendants, she must file separate actions with responsibility for the attendant filing fees. …" *Owens*, 635 F.3d at 952.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have an opportunity, within 30 days, to replead. The pleading is to be captioned Amended Complaint, is to contain all of her related claims but is not to include unrelated claims against unrelated individuals. If Plaintiff does not file an amended complaint, this case will be dismissed without prejudice.

2.  Plaintiff files [4], a motion for recruitment of *pro bono* counsel but does not indicate that she attempted to secure counsel on her own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews her motion, she is to provide copies of the letters sent to, and received from, prospective counsel.

|  |  |
|---|---|
| 2/5/2021 | s/Michael M. Mihm |
| ENTERED | MICHAEL M. MIHM |
|  | UNITED STATES DISTRICT JUDGE |